## PARKER & a. *v.* GREGG.

The probate court may make an order, extending the time for exhibiting claims to the commissioner on an insolvent estate, without notice to the administrator.

Where such order is passed, after a report to the commissioner has been made, and accepted, the probate court have power to vacate the prior order accepting the report.

The declaration filed in the probate court, upon appeal from the commissioner's report rejecting a claim against an insolvent estate, may be amended in the common pleas.

If partners in their partnership capacity, are sureties on a note, and a judgment recovered against them on the note is satisfied by levy of the execution on the separate estate of one of them, the claim against the estate of the principal, who had died insolvent, is properly made by, and in the name of the partners.

APPEAL, from a decree of the judge of probate accepting the report of the commissioner of the estate of Frederick W. Bailey, the intestate, passed, May 10, 1848. The appeal was

dated and duly filed May 16, 1848. The declaration filed with the appeal was for money had and received. At the April term of the common pleas in 1850, an amendment was allowed, adding to the declaration a count for money paid, laid out and expended.

Frederick W. Bailey died December 7, 1846, and administration on his estate was granted to Joseph A. Gregg, the appellee, January 12, 1847. The court of probate decreed that the estate should be settled in the insolvent course, and a commissioner was appointed on the twelfth of January, 1847, and six calendar months were allowed for the presentation of claims. Notices were given by the administrator, that the commissioner's report would be presented for acceptance on the twenty-first day of September, 1847. On the thirteenth of October, 1847, the appellants filed in the probate office an appeal from a decree alleged to have been made on the twenty-first of September, 1847, accepting the report of the commissioner. This appeal was no further prosecuted. No decree is found in the records of the probate court accepting the report on the twenty-first day of September, 1847.

On the fifteenth of December, 1847, the following decree was passed by that court :

"Whereas, the estate of Frederick W. Bailey, late of Derry, in said county, deceased, was represented insolvent, and a commission of insolvency issued thereon ; and Seth W. Fowle, a creditor to said estate, having omitted to present his claim to the commissioner for adjustment and allowance, before the expiration of the time allowed on said commission for creditors to present their claims, as appears by the foregoing petition, therefore, upon due consideration, it is hereby ordered, that a decree dated the twenty-first day of September, 1847, accepting of the report of the commissioner on said estate be set aside, and that a further time of ninety days be allowed to the creditors of said estate, to present their claims to the commissioner thereon, and that the commission to said commissioner be, and the same hereby is extended ninety days from this date, and the commissioner is directed to renew the notice therein ordered, and to publish

the same in the newspapers, as therein directed, thirty days."

On the back of the commissioner's report is the following memorandum :

"*State of New-Hampshire, Rockingham, ss.* At a court of probate held at Exeter, in said county, on the fifteenth day of December, 1847, the within commission is extended for the term of ninety days from the above date, for the creditors to exhibit their claims. The commissioner is directed to renew the notices ordered, and to publish the same in the newspapers, as therein directed, thirty days.

J. H. SHAPLEY, <em>Register of Probate.</em>"

The record does not show that the decree extending the time for exhibiting claims, was passed on notice to the administrator.

The commissioner in his return states that he gave the requisite notices for the presentation of claims within the six months, and that the commission having been extended, he gave further notices and had further hearings. The commissioner's report, in the list of claims presented, has first, a number of claims, some stated to be allowed, and some disallowed, among which latter, is the appellants, and the commissioner's name signed under them then come other claims, some allowed, and some disallowed, the appellant's not being among either class, and the signiture of the commissioner again follows. After this, is the decree of the judge of probate, accepting the report. In the date of the decree, the word "Portsmouth" is erased, and the word "Exeter" inserted, and the word and figures "21 Sept.," erased, and "10 May," inserted.

The appellant also offered his own affidavit on the motion to dismiss the appeal, in which he certifies that the report of the commissioner was presented by him to the probate court on the twenty-first of September, 1847, and then accepted by the court. That no notice was given to him of the application to extend the commission, and that it was extended without his knowledge.

On trial, the appellee objected that no evidence could be received of money paid, laid out and expended, because the original declaration, filed with the appeal, did not set forth any such cause of action ; but the objection was overruled.

The evidence of the appellants shewed, that in August, 1845, there were two firms doing business in Derry, one under the name of Nathaniel Parker & Co., consisting of these appellants ; the other under the firm of Bailey, Parker & Co., which consisted of James A. Parker, one of the appellants, Frederick W. Bailey, the intestate, and J. Abbot Marsh. On the twenty-fifth of August, 1845, Bailey, the intestate, made a note to the Derry Bank for six hundred dollars, which he signed, and the firm of Nathaniel Parker & Co., were sureties on the note, Bailey receiving the money of the bank, and applying it to his own use. The note was joint and several, and signed by the appellants in their partnership capacity. The bank brought a suit on the note, recovered judgment, and caused it to be satisfied by a levy of their execution on the real estate of Nathaniel Parker, one of the appellants.

The appellee objected to this evidence, as shewing a cause of action in Nathaniel Parker alone, and not in Nathaniel Parker & Co.

A verdict was taken by consent, for the appellants, on which judgment was to be entered, or the verdict set aside, and the appeal dismissed, or judgment entered for the appellee, according to the opinion of the court.

*Porter*, for the appellee.

1. The ruling of the court of common pleas on the motion to dismiss the appeal, was incorrect.

The commissioner's report, being duly accepted and allowed by the judge of probate, September 21, 1847, became a valid judgment, forever binding on the parties, unless appealed from. The appeal taken from that decree was not pursued, and fell to the ground.

The report having been once accepted and confirmed, could not afterwards be re-committed, and claims that had been passed upon, set at large and tried again by the commissioner ; yet it is not perceived how this could have been prevented, if the report was properly re-committed.

It is competent for the party aggrieved by the decree of De-

cember 15, 1847, to contest its validity in this form, and so of the other proceedings of the probate court. *Smith* v. *Rice*, 11 Mass. Rep., 507; *Bryant* v. *Allen*, 6 N. H. Rep., 116; *Chase* v. *Hathaway*, 14 Mass. Rep., 227; *Hunt* v. *Hapgood*, 4 Mass. Rep., 117.

The setting aside of the commissioner's first report, was not necessary to the extending of the commission. Claims allowed under the extended commission might be added to the former list, in the same manner that claims of an administrator may be added.

2. The evidence adduced on the trial, should have been confined to the court for money had and received; that being the claim laid before the commissioner, and on the decision of which, this appeal was taken. The causes of action are distinct; the evidence that will sustain the one, will not sustain the other. This is distinguishable from the ordinary case of amendment.

By the statute, the appeal must be from the decision upon the claim exhibited. The petition for appeal must be filed within thirty days from the acceptance of the report, and a declaration in proper form, upon the claim exhibited, must be filed with the petition for appeal. With this petition for appeal no declaration for money paid, laid out and expended, was filed at the time of the appeal, and none can now be filed in the probate court. *Hodgdon* v. *White*, 11 N. H. Rep., 208; *Scott* v. *Hancock*, 13 Mass. Rep., 162; *Dawes* v. *Shedd*, 15 Mass. Rep., 6; *Boynton* v. *Dyer*, 18 Pick. Rep., 1; *Ford* v. *Keith*, 1 Mass. Rep., 139.

3. The enlargement of the time for creditors to exhibit their claims, is illegal and void, it having been granted without notice to the administrator. *Walker* v. *Lyman*, 6 Pick., 458; *Conkey* v. *Kingman*, 24 Pick. Rep., 115; *Atwood* v. *Grill*, 4 N. H. Rep., 52; *Thrasher* v. *Haynes*, 2 N. H. Rep., 443; *Smith* v. *Knowlton*, 11 N. H. Rep., 191.

4. The evidence did not shew any cause of action in favor of the partnership.

The judgment recovered against them had been satisfied by a levy on the separate property of Nathaniel Parker, and the part-

Parker *v.* Gregg.

nership has not been damnified. The debt has not been paid in the name of, or for the firm. No implied promise, therefore, can arise to the firm, in consequence of the payment. The firm, as well as each member of it, is relieved from all liability on the note or judgment. The money, if any is recovered in this action, will not be the money of the firm. If it were, it would be liable to the firm's debts. *Osborne* v. *Harper*, 5 East., 225 ; *Brand* v. *Boulcott*, 2 B. & P., 235 ; *Graham* v. *Robinson*, 2 T. R., 282 ; *Hancock* v. *Heywood*, 3 T. R., 433 ; Chitty on Pl., 8 and 9.

*D. & D. J. Clarke*, for the appellants.

1. The motion to dismiss the appeal was properly denied.

The probate court has jurisdiction in the settlement of estates, decides whether they shall be settled in the insolvent course, and orders a final distribution according to law. Until the final distribution is ordered, the whole settlement of the estate is *in fieri*, and all decrees and orders, are subject to be revised and changed by the court. *Stearns* v. *Stearns*, 1 Pick. Rep., 160 ; *Stetson* v. *Bass*, 9 Pick. Rep., 27 ; *Commonwealth* v. *Goddard*, 13 Mass. Rep., 458.

The decree of the probate court extending the commission, was made within its jurisdiction, and is conclusive until reversed. *Brown* v. *Gibson*, 1 N. & M., 326 ; *Gorill* v. *Whittier*, 3 N. H. Rep., 265 ; *Smith* v. *Knowlton*, 11 N. H. Rep., 191 ; *Bryant* v. *Allen*, 6 N. H. Rep., 116.

The commissioner could not make up his report till the expiration of the commission, as he is to cast interest on claims allowed, to the expiration of the commission. Rev. Stat., ch. 162, § 8.

The record does not shew any acceptance of the report, till May 10, 1848, and no evidence can be received but the record. Rev. Stat., ch. 163, § 1 ; *Ellsworth* v. *Thayer*, 4 Pick. Rep., 122 ; *Goffe* v. *Kellogg*, 18 Pick. Rep., 256.

2. The amendment was properly allowed, and falls within the general rule on that subject.

3. The evidence shows a cause of action in the plaintiffs. *Pearson* v. *Parker*, 3 N. H. Rep., 369 ; *Eccleston* v. *Clepsham*,

1 Saund., 158; *Withers* v. *Bircham*, 3 B. & C., 254; *Anderson* v. *Manfindall*, 1 East., 497, 501; 2 Saunders' Pl. & Ev., 705; Watson, 111; *Robinson* v. *Wilkinson*, 3 Price, 544; *Skinner* v. *Stocks*, 4 B. & C., 437; *May* v. *May*, 1 Car. & P. 44.

The case finds, that Nathaniel Parker & Co., in their joint capacity, were sureties on the note, judgment was rendered against the firm, and was satisfied out of the property of one of them. This was a joint payment, and discharged the joint liability; and on the principles established in the case, cited, the appellants must join in their claim against the principal.

When Nathaniel Parker & Co., signed the note as sureties, they did so as co-partners, and Bailey then promised impliedly to indemnify them, and on that promise they now rely. *Appleton* v. *Bascom*, 3 Metcalf, 169; Colyer on Partnership, (Perkins' Ed.,) 775. *Hill* v. *Packard*, 5 Wend., 375, is directly in point.

PERLEY, J. The appellee contends that the order of the judge of probate, extending the time for exhibiting claims to the commissioner, was void, because it was made without notice to him. The statute provides that the judge of probate may proceed without notice in certain enumerated cases, and among others, in the appointment of commissioners on insolvent estates. In certain other cases the statute expressly requires notice. Nothing is said in the statute as to notice of an application for extension of time on a commission.

We do not perceive any substantial reason why the administrator should have notice of such an application, rather than a creditor, whose claim has been allowed. The administrator is interested as trustee for the estate; and the creditor has a direct personal interest, for if additional claims are allowed under the extended time, his dividend must be proportionably diminished.

No notice is required of the original appointment of commissioner, or of the original limitation of time for presenting claims, and an order to extend the time is on the same subject matter, and in the course of the same proceeding; and no reason occurs

Parker *v.* Gregg.

to us for requiring notice of an incidental order on the subject, which would not apply with at least equal force, to the original appointment and limitation of time. In that case, the statute regards the notice, which must be given of the times and places of hearing, and of the acceptance of the report, as sufficient security for the rights of all parties interested, and like notices under the extended time, may well be considered as equally sufficient for the same purpose.

It is undoubtedly a principle of natural justice generally recognized in law, that a party should have notice of a legal proceeding, by which his rights are to be concluded. But neither the appointment of a commissioner, nor the assignment of the times when claims are to be presented, concludes the right of any party. The appointment of commissioner only provide, a tribunal to hear and decide ; and neither the original limitation of the time for presenting claims, nor an extension of the time, concludes the parties any more than a law which establishes the time for holding any other court, or an order adjourning another court to a future day.

The statute requires notice of the times and places fixed for receiving claims ; this secures to the administrator and the other creditors, the opportunity of being heard on the merits of claims presented under the extended times, and notice must also be given of the application for acceptance of the commissioner's report, when objection may be made to the regularity of the order extending the time.

In practice, it would seem that no notice is usually given of an application for an order to extend the commission. Chase's Probate Directory, 195, 196.

The statute does not, either expressly or by implication, require notice ; there is nothing in the nature of the order to be made, which on general principles would make notice necessary. In practice, notice is not usually given ; and we are of opinion that the order was duly and regularly made without notice.

The appellee also takes the ground, that, admitting the order extending the commission to be valid, it had no effect on the previous order, accepting the commissioner's first report ; that the

order of December 15, 1847, vacating the order accepting the report, was inoperative and void, because the order on the first report was a final adjudication on the claims before presented, and only capable of being reversed or revised on appeal; that no appeal having been taken and prosecuted from that order, it now stands as a binding judgment of the probate court, and concludes the question of the appellant's claim.

By section 12, of chapter 162, Revised Statutes, it is provided, that "for sufficient cause, the judge may allow a further time, or times, to the creditors, not exceeding in the whole, two years from the date of the original commission."

Where the time is extended under this provision, no new commission issues; it is a mere order extending the time, and in practice the order is endorsed on the original commission, as was done in this case. Chase's Probate Directory, 196.

No time is limited for granting the extension, except that the time for exhibiting claims cannot be extended beyond two years from the date of the commission. Of course the time may be extended, as it was in this case, by an order passed after a report of the commissioner has been accepted. It is clear that the acceptance of the report is not in all cases, and for all purposes, a final decree, establishing the decision of the commissioner upon the claims presented, for express power is given the commissioner to correct his report at any time before a decree of distribution. Rev. Stat., ch. 162, § 15.

At the end of the time limited in the commission, the statute requires the commissioner to make his report and to present a list of all the claims exhibited for allowance, and to cast interest on the claims allowed, to the expiration of the commission. There is but one commission, and that does not finally expire until the termination of the extended time; and then the commissioner is to return his list, with interest cast to that date. It is clearly implied that there ought to be but one list, with interest allowed on all the claims allowed up to the same date, and the practice agrees with the views of the statute. Chase's Probate Directory, 195.

Then again, the judge has power, at any time during the pen-

Parker *v.* Gregg.

dency of the commission, to set it aside and issue a new one, and in such case the statute declares, that the new commission shall be " deemed and taken as the original commission." The commission in this case, was pending until the final report, at the expiration of the extended time. If the judge had exercised his discretion to set it aside and issue a new one, all the proceedings under it, including the order relied on as final, must have been wholly vacated and avoided. Rev. Stat., ch. 162, § 13.

An examination of the different statutory provisions on this subject, makes it quite apparent that the order accepting a commissioner's report, where time will allow an extension of the commission, was not intended to be final and conclusive, but was meant to be merely provisional and liable to be superseded by an extension of the time granted, according to the statute ; that all the proceedings under the commission are to be regarded as leading to one decree on the final report of the commissioner, at the expiration of the extended time. Any other construction of the statute would lead to great confusion and inconsistency. We are, therefore, of opinion, that supposing the case furnished evidence which we could regard, of a decree passed September 21, 1847, accepting the commissioner's first report, that decree was superseded and vacated by the order of December 15, 1847, and that the only subsisting decree on the appellant's claim, is the decree of May 10, 1848, from which this appeal is taken. Many other decrees and orders, passed in the course of the administration and settlement of estates are treated as provisional and interlocutory, and are subject to be revised and corrected until the final decree disposing of the whole subject. *Stearns* v. *Stearns*, 1 Pick., 157 ; *Stetson* v. *Bass*, 9 Pick., 27.

We are unable to find any principle on which the evidence stated in the case could be received, to shew that a decree was passed on the twenty-first of September, accepting the commissioners report. The court of probate is made by statute a court of record, and, unless in cases where a foundation is laid for secondary evidence, the orders decrees, and sentences of that court can be proved only by the record, or by duly authenticat-

---

ed copies of the record.  *Judge of Probate* v. *Briggs,* 3 N. H. Rep., 309 ; Greenl. Evidence, § 501.

The affidavit of the party of course is not evidence of the decree.  In the record of a decree, which the appellee contends is void, there is a statement that such a previous decree was passed.  But this is not a record of the decree; the previous decree referred to, is not recited so that it may appear to the court what it decided, or whether it was valid in form.  And the existing record relied on, does not of itself shew any thing respecting the claim of the appellants.  If it were material to the appellee's case, a record might probably now be made of any decree that has been actually passed.  But no such record is now produced, nor any copy of such a record, and other evidence is not receivable to prove the decree.

The ground taken by the appellee is that the two reports of the commissioner, and the two orders accepting those reports are separate and independent.  If so, how can the creditors, whose claims were allowed under the first limitation of time, establish their right ?  There is no record of the decree accepting the first report ; and they have no evidence of the decree better than a general statement that there was such a decree, and that statement contained in the record of an order, which the appellee's case requires him to maintain is void.  If the decree of May, 1848, relates only to the claims presented under the extended time, then there is no record, nor any competent evidence, of a decree allowing the claims presented under the first notices.

The amendment of the declaration filed with the appeal, was properly allowed.  No declaration, or other formal statement of the creditor's claim, is required before the commissioner, and we must understand that the claim presented for allowance to the commissioner, was in fact the same that was proved before the jury.  According to our practice, it was open to inquiry before the court of common pleas, whether the demand sought to be recovered, under the amended declaration, was the same that was intended to be proved under the original declaration ; and we must intend that this matter of fact was correctly settled, when the amendment was allowed.

This is not the case where the court of appeal had no jurisdiction; nor where the amendment, if allowed, would introduce a matter, which the court below had no jurisdiction to decide.

When the declaration is filed in the probate court, and the appeal is taken, the proceeding assumes the character of an action against the administrator, representing the insolvent estate. And the general provision of the statute, under which amendments of declarations are allowed, applies to these declarations filed on appeal, in the probate court. The creditor who appeals is required to file a declaration in proper form. So by our statute, in all actions at law, the plaintiff is required to insert in his original writ, a declaration in due form of law. Neither of these provisions were intended to prevent the plaintiff, or appellant, from amending, by changing the form in which he had stated his claim.

It is further objected to the appellant's claim, that tlhe judgment recovered by the bank, against Nathaniel Parker & Co., was satisfied by a levy of the execution on the separate property of Nathaniel Parker, and that therefore the claim should have been made by him, and not by the partnership.

By the common law, the contract of partners is joint, and not joint and several; and no action could have been maintained on the note, against one of the individual partners, if defence had been made by proper plea. *Devaynes* v. *Noble*, 1 Merrivale, 564; *Colson* v. *Selby*, 1 Esp., 452; *Rice* v. *Shute*, 5 Burrow, 2611; *Abbot* v. *Smith*, 2 W. Black., 947.

The partnership is to be regarded as a single party on the note, and if there had been other surties, on a question of contribution, the firm would be treated as one party. *Chaffee* v. *Jones*, 19 Pick., 260.

The surety is entitled to recover of the principal on payment of the debt; but this is on a contract, implied at the time when the note is made, that the principal will indemify the surety. *Appleton* v. *Bascom*, 3 Met., 171.

Where partners are sureties, this contract is not made with each individual partner, but with the firm. There is no implied request by the principal, that the individual partner will pay the

debt, in his private capacity. The relation of principal and surety, and the contract implied from that relation, are with the partners, as such. The principal does not agree to make himself liable to the several actions of the individual partners, for the separate sums that they may respectively pay. If he were so liable, he might be deprived of his right to set off demands which he had against the partnership, perhaps for payments which he had made on their account, where there had been a mutual accommodation of credit. Such is the position which partners, who are sureties, hold towards the creditor, and towards the principal.

And as to the adjustment of the business among the partners, if one partner pays the partnership debt with his own money, or by a levy on his separate property, he can maintain no action against his partner for this payment ; it goes into the partnership account, and must be adjusted on the final settlement of the partnership affairs. Story on Partnership, § 216.

So money, which the partners receive of the principal, for a payment made by them or any one of them, on their partnership contract as sureties, will in like manner be carried to the partnership account.

Where individual sureties have made separate payments for their principal, they cannot join in an action to recover the amount of the several payments. But the rule does not apply to payments made by individual partners in discharge of a partnership liability. *The partners are liable only in that capacity;* they constitute a single party; there is no contract, express or implied, between the individual partner, and the creditor or the principal debtor. The rule is stated thus in *Pearson* v. *Parker*, 3 N. H. Rep., 369. " If there be two persons; and each of them advance money for a third person, they cannot maintain a joint action. But if the interest of several persons be joint, *as that of partners*, they may and ought to join." This case is cited and the doctrine of it approved, in *Appleton* v. *Bascom*, 3 Met. Rep., 172.

This objection of the appellee cannot prevail.

*Judgment on the Verdict.*